UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLW (XXX-XX-4727)                      CIVIL ACTION NO. 11-cv-0301

VERSUS                                        JUDGE FOOTE

MICHAEL J. ASTRUE, COMMISSIONER      MAGISTRATE JUDGE HORNSBY
OF SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

CLW ("Plaintiff") was born in 1984, earned a GED, and has past work experience as a casino cashier. Plaintiff applied for disability benefits, contending that she became disabled at age 24 based on mental health limitations. ALJ Romona Scales held an evidentiary hearing and issued a written decision that found Plaintiff was not disabled because, although she could not perform her past work as a cashier, she could perform the less demanding job of housekeeper. The Appeals Council denied a request for review.

Plaintiff filed this civil action seeking the limited judicial review permitted by 42 U.S.C. § 405(g). She argues that the ALJ's decision is not supported by substantial evidence because questions the ALJ asked a vocational expert ("VE") did not reasonably incorporate all of Plaintiff's limitations. It is recommended, for the reasons that follow, that the Commissioner's decision be reversed and the case be remanded for further proceedings.

**Summary of the ALJ's Decision**

The Social Security Act entitles certain "disabled" persons to disability benefits or supplemental security income benefits. The Act defines disabled persons as those who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. The Act requires the Commissioner to establish by regulation uniform standards for the adjudication of claims. The Commissioner has promulgated regulations that include what is commonly referred to as the five-step sequential analysis. See 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for supplemental security income). The analysis is described in cases such as Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003)and Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). A finding at any step that the claimant is or is not disabled ends the analysis.

The ALJ found at step one that Plaintiff was not engaged in substantial gainful activity. She found at step two that Plaintiff suffered from the following severe impairments: PTSD; major depressive disorder; dysthymic disorder, and personality disorder. The impairments were not so severe, however, to warrant a finding at step three that they met or equaled the requirements of a listing, which would lead to a finding of disability without consideration of other factors such as age, education, or work experience.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC"). She found that Plaintiff had the RFC to perform a full range of work at all exertional levels, reduced by

(1) marked limitations in the ability to understand, remember, and carry out detailed instructions and interact with the general public, (2) moderate limitations in the ability to maintain attention and concentration for extended periods, interact with co-workers/supervisors, or respond appropriately to changes in the work setting. She defined moderate to mean more than a slight limitation in the area, but the individual is still able to function satisfactorily. She defined marked to mean "there is serious limitation in this area" and "a substantial loss in the ability to effectively function."

The ALJ heard testimony from VE Charles Smith in connection with steps four and five, which asks whether the applicant can perform the demands of her past relevant work or other jobs that exist in significant numbers in the economy. The ALJ asked the VE to assume a person with Plaintiff's background and with limitations similar to those described in the RFC. The VE testified that such a person could not perform Plaintiff's past work, and the ALJ entered such a finding at step four. The VE then identified the representative occupation of housekeeper as a job Plaintiff could perform despite her limitations. The ALJ accepted that testimony and entered a finding of not disabled at step five.

**Issues on Appeal**

Plaintiff's only statement of error is that the ALJ's determination that she can perform work as a housekeeper is not supported by substantial evidence. Her underlying arguments are that the hypothetical question posed to the VE did not reflect all of the limitations the ALJ found in her RFC, and that the definitions of moderate and marked given by the ALJ do

not correspond to the definitions that would have been used by the state agency medical consultant.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Testimony from a VE may provide substantial evidence with respect to the inquiries at step five, but reversal may be required if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-

disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

The ALJ presented the VE with a series of hypothetical persons with various limitations. She included in the first scenario "moderate limitations in the ability to understand, remember and carry out detailed instructions," and "moderate limitations with the general public," plus moderate limitations in other areas. (The ALJ found in her written decision that Plaintiff had marked limitations in those areas.) The VE testified that such a person could perform the demands of housekeeper/motel, defined in the Dictionary of Occupational Titles ("DOT") at No. 323.687-014. Tr. 57-58.

The ALJ then asked the VE to assume the same limits but with "marked limits in the ability to interact general public, with no further limitations for this particular hypothetical." She added: "For purposes of this hypothetical, marked means the degree of limitations interferes seriously, but does not preclude the ability to function." The VE testified that this additional limitation would eliminate some jobs he had identified, but the housekeeper position would not be impacted. Tr. 59. The ALJ asked the VE to assume some additional scenarios, but none of them posed the RFC found in the ALJ's written decision.

The Commissioner agrees that the ALJ did not ask the VE a hypothetical question assuming marked limits on the ability to understand, remember, and carry out detailed instructions. But he argues that the mistake does not require remand because the DOT definition of the housekeeper job does not require any ability to understand, remember, or carry out detailed instructions. The DOT provision for the job lists its requirements in various

areas such as reasoning, math, and language. The reasoning requirement is described as: "Level 1-A Apply common sense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." The other areas are also described as Level 1. Specific vocational preparation is described as Level 2, meaning anything beyond short demonstration up to and including one month.

The court should not vacate a decision based on a harmless error. See Palomo v. Barnhart, 154 Fed. Appx. 426, n. 13 (5th Cir. 2005). It may be likely, given the definition in the DOT, that the VE would find Plaintiff could perform the demands of the housekeeper job given the limitations found in the ALJ's RFC. But the undersigned is not certain that would be the case, and speculating would improperly insert the court into the role of a VE. The ALJ did not present the VE with a question that included a marked limitation in the ability to handle detailed instructions, and gave the VE a definition of marked (with respect to the ability to interact with the general public) that suggested a lesser limitation than is reflected by the definition of marked used in the written decision. The DOT description of the job indicates that there is some interaction with the general public; the job entails cleaning in establishments such as hotels, restaurants, beauty parlors, and clubs. Duties include checking wraps and rendering personal assistance to patrons. Given the significant differences between the questions posed to the VE and the limitations actually found by the ALJ, the VE's answers do not provide substantial evidence to support the step five decision.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded for further proceedings consistent with the court's decision.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE